QUEENS PLAZA AMUSEMENTS, INC., Appellant, v. QUEENS BRIDGE REALTY CORPORATION, Respondent.— In an action for specific performance of a lease made by the defendant to the plaintiff, it appeared from documents executed by the parties that the defendant *inter alia* agreed to construct a building upon the demised premises and to commence that construction before April 1, 1939. Upon the application of the defendant an order was duly entered granting its motion for summary judgment. Upon that order summary judgment dismissing the complaint was duly entered. From such order and judgment plaintiff appeals. Order, and judgment entered thereon, reversed on the law, with ten dollars costs and disbursements, and defendant's motion for summary judgment denied, with ten dollars costs. Upon the undisputed facts, the defendant was not entitled to summary judgment, which, however, was granted by the learned court at Special Term upon the erroneous legal theory that there had been a valid exercise by the defendant landlord of an option accorded to it in an agreement designated as an addendum to the indenture of lease, executed simultaneously with that indenture, to terminate the latter after April 1, 1939, upon notice by defendant to plaintiff of the former's intention so to do. The defendant contended that its right to terminate was absolute. The plaintiff urged, however, that such option could only be exercised by the defendant if it failed to commence the construction of the prescribed building before April 1, 1939, by reason of causes beyond the defendant's control. The defendant omitted to commence such construction before April 1, 1939, and the plaintiff extended its time so to do until the approval by the building department of the plans for the construction. The acceptance by the defendant of the extension of time referred to did not constitute a waiver by the plaintiff of its rights under the terms of the agreement granting to the defendant the option to terminate. The plans were duly approved on April 13, 1939. On May 24, 1939, by notice to the plaintiff in writing dated that day, defendant assumed to exercise its option to terminate the lease. The option as written, however, properly construed, contemplated such notice on the part of the defendant to terminate only in the event that the defendant was unable to commence the construction by reason of causes beyond the defendant's control. The record is barren of any facts showing the existence of such causes. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

NINA Ross, Respondent, v. HERBERT Ross, Appellant.— Appeal from an order confirming a report of an official referee, granting pursuant thereto an increase of alimony from $90 a month to $130 a month and amending a judgment of separation accordingly, and awarding counsel fee of $150 to plaintiff. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.